**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| CRAIG L. PETERKIN,<br><br>Plaintiff,<br><br>v.<br><br>HOMESERVE USA REPAIR MANAGEMENT CORP,<br><br>Defendant. | ) C/A No.: 2:26-cv- 2372-DCN-MGB<br>)<br>)<br>)<br>)  **DEFENDANT HOMESERVE USA**<br>)  **REPAIR MANAGEMENT CORP.'S**<br>)  **NOTICE OF REMOVAL**<br>)<br>)<br>)<br>)<br>)<br>) |

Defendant HomeServe USA Repair Management Corp. ("Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and with full reservation of all defenses, removes this action from the Court of Common Pleas in the Ninth Judicial Circuit for Charleston County, South Carolina, titled *Craig L. Peterkin v. HomeServe USA Repair Management Corp., et al.*, Case No. 2026-CP-10-02514 ("Circuit Court Action"), to the United States District Court for the District of South Carolina, Charleston Division.  The removal is based on the following grounds.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

On or about May 14, 2026, Plaintiff Craig L. Peterkin ("Plaintiff") filed his Complaint ("Complaint") against Defendant in the Circuit Court Action.  Defendant was served with the Summons and Complaint on May 18, 2026.  Plaintiff's Complaint asserts causes of action against Defendant for negligence, breach of contract, breach of implied covenant of good faith and fair dealing,[1] and violation of the South Carolina Unfair Trade Practices Act ("SCUTPA").  Compl. at

---

[1] Breach of implied covenant of good faith and fair dealing is not an independent cause of action separate from breach of contract in South Carolina.  *RoTec Servs., Inc. v. Encompass Servs., Inc.*, 359 S.C. 467, 473, 597 S.E.2d 881, 884 (Ct. App. 2004).

¶¶ 18–32.  All alleged causes of action arise out of a controversy related to plumbing repair services completed (or attempted to be completed) in or around January 2020, which have previously been litigated in *Peterkin v. Holt et al.*, Case No. 2023-CP-10-00524 (Ct. Comm. Pleas) ("*Peterkin I*") and *Peterkin v. HomeServe USA Repair Management Corp.*, C/A No.: 2:25-cv-13570-DCN-MGB (D.S.C.) ("*Peterkin II*").  In this Complaint, Plaintiff is requesting actual damages, treble damages, attorneys' fees and costs, pre- and post-judgment interest, and "[a]ny other relief the Court deems just and proper."  Exhibit A, Compl. p. 4.  In *Peterkin I*, for the same allegations, Plaintiff sought to recover more than $30,000,000, and in *Peterkin II*, an unstated amount, but in excess of $75,000.[2]  *Peterkin II*, Dkt. Nos. 1 at ¶ 3 (Exhibit B); 12-3 at p. 4 (Exhibit C).

## II.     STATEMENT OF JURISDICTION

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.  At the time the Complaint was filed, the time of removal, and all intervening times, Defendant was a foreign corporation.  Compl. at ¶ 2.  Defendant is a Delaware foreign corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of Delaware. Plaintiff alleges that he is a citizen and resident of the State of South Carolina.  Compl. at ¶ 1. Accordingly, Plaintiff and Defendant are citizens of different states and complete diversity exists.

---

[2] The Court may take judicial notice of both *Peterkin I* and *Peterkin II* at this stage as these documents are incorporated into and integral to the Complaint and their authenticity cannot be reasonably questioned.  Fed. R. Evid. 201; *Romero v. National Gen. Ins. Co.*, 663 F.Supp.3d 480, 492, n. 2 (D.S.C. 2023) (quoting *United States ex. rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014)); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in the noticing of the content of court records.'"); *see also Wattleton v. Atlantic Acceptance Corp.*, C/A No. 6:24-cv-4827-BHH-WSB, 2025 WL 1839020 at \*6 (quoting *Andrews v. Daw*, 201 F.3d 521, 524, n.1)). As such, pursuant to Rule 201, Defendant respectfully requests that this Court take judicial notice of those pleadings, which are incorporated to this Notice of Removal by reference.

Based upon the allegations in the Complaint, as well as the allegations contained in this Notice of Removal, which is construed as true for the purpose of assessing removal jurisdiction, the value of the matter in controversy exceeds the sum or value of $75,000[3] exclusive of interest and costs.  28 U.S.C. § 1332(a)(1); *Dart v. Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold).  Although the amount claimed by the plaintiff usually controls, the District of South Carolina has tended to lean towards requiring defendants allege facts supporting the amount in controversy "either to a 'legal certainty' or at least within a 'reasonable probability'…."  *Justice v. Travelers Personal Ins. Co.*, 2024 WL 4564612 at *2 (D.S.C. Oct. 24, 2024) [quoting *Carter v. Bridgestone Ams., Inc.*, C/A No. 2:13-CV-00287-PMD, 2013 WL 3946233, at *1–2 (D.S.C. July 31, 2013) (quoting *Brooks v. GAF Materials Corp.*, 532 F. Supp. 2d 778, 781–82 (D.S.C. 2008)].

Plaintiff has not specified a particular sum of actual damages that he is seeking in this Complaint; however, in *Peterkin I*, Plaintiff sought more than $30,627,077.22 in damages for the same allegations.  *Peterkin II*, Dkt. No. 12-3 at p. 4.  Additionally, in *Peterkin II*, Plaintiff affirmatively pled that his damages exceeded the jurisdictional minimum of $75,000.  *Peterkin II*, Dkt. No. 1 at ¶ 3.  Not only are these damages appropriate for consideration due to the fact that Plaintiff incorporated his prior pleadings by reference in his Complaint, our Courts have considered a plaintiff's prior damages calculations alongside allegations in the Complaint when assessing the amount in controversy.  *See Meadows v. Nationwide Mut. Ins. Co.*, C/A No. 1:14-

---

[3] Defendant does not concede, however, that Plaintiff is entitled to any requested relief, damages in excess of $75,000, treble damages, interest, or attorneys' fees should he prevail.  Defendant only seeks to establish that Plaintiff has placed before this Court issues and allegations sufficient to satisfy Defendant's obligation to show that the sum or value of the matter in controversy exceeds the jurisdictional requirement.

cv-04531-JMC, 2015 WL 4390062, at *4 (D.S.C. June 3, 2015) (analyzing demand letter and finding it supported defendant's removal to a legal certainty or reasonable probability).

As in both *Peterkin I* and *Peterkin II*, Plaintiff is again alleging that he has suffered actual damages to his property as a result of allegedly defective plumbing work and other general damages related to allegedly improper solicitations. *See* Compl. *generally*. Claims for actual damages should be included in any calculation of the amount in controversy. *Hagood v. Electrolux Home Prods., Inc.*, C/A No. 8:06-1799-HFF, 2006 WL 1663804, at *2 (D.S.C. June 15, 2006) (noting that actual damages must be included in any calculation of the amount in controversy). Plaintiff has previously valued these damages as follows: repair costs ($158,577.22), market value of home ($468,500.00), and emotional damages ($30,000,000.00) for a total of $30,627,077.22. *Peterkin I*, at p. 4. The typical measure of damages in lawsuit claiming construction-related defects, like this one, is the estimated cost of repair. *Roland v. Palmetto Hills*, 308 S.C. 283, 417 S.E.2d 626 (Ct. App. 1992) (citing *Scott v. Fort Roofing and Sheet Metal Works, Inc.*, 299 S.C. 449, 385 S.E.2d 826 (1989)). Plaintiff has previously alleged that repairs to his property will cost $158,577.22, which itself is well over the minimum jurisdictional requirement. *Peterkin II*, Dkt. No. 12-3 at p. 4. Plaintiffs in construction-related cases can also alternatively recover the diminution in value of their property, which Plaintiff appears to claim is the full market value of his home or $468,500.00. *Peterkin II*, Dkt. No. 12-3 at p. 4; *Kenney v. Medlin Constr. & Realty*, 68 N.C. App. 339, 344, 315 S.E.2d 311, 315 (N.C. Ct. App. 1984). If Plaintiff's more reasonable allegations as to his damages are taken as true, they are damages that could be recovered if he is successful in his third bite at the apple against Defendant.

Plaintiff's plea for treble damages for violation of SCUTPA adds significantly to the amount in controversy. Under the statute, successful plaintiffs may recover "actual damages,

which includes 'special or consequential damages' that are 'the natural and proximate result of deceptive conduct.'" *Smalls v. Credit Acceptance Corp.*, C/A No. 9:16-cv-01954-CWH, 2017 WL 11311516, at *7 (D.S.C. Mar. 23, 2017) (quoting *Taylor v. Medenica*, 479 S.E.2d 35, 45 (1996)). Additionally, a violation of the statute "mandates an award 'three times the actual damages sustained' and 'such other relief as the Court deems necessary or proper' when there is a 'willful or knowing violation of SCUTPA." *Id.* (quoting S.C. Code Ann. § 39-5-140(a)). Here, if Plaintiff were to be awarded his purported repair costs and treble damages, his potentially recoverable amount could be in the range of $475,731.66. Under the diminution in value theory, Plaintiff's claimed recoverable damages could exceed $1,405,500.00.

Additionally, attorneys' fees should be included when the fees are provided for by contract or where a statute mandates or expressly allows for their payment. Here, the law provides for an award of reasonable attorneys' fees and costs "[u]pon the finding by the court of a violation of [SCUTPA]." S.C. Code Ann. § 39-5-140. If the time for determining attorneys' fees ultimately arises, the Court will be asked to employ a "lodestar" calculation, which considers, among many other things, what the reasonable hourly rate and number of hours expended by the Plaintiff's purported counsel is in going forward with the case. *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013), *as amended* (Jan. 23, 2014). A reasonable hourly rate is to be calculated according to the "prevailing market rate of attorneys' fees in the relevant community where the district sits." *Robinson v. Equifax Info Servs., LLC*, 560 F.3d 235, 244 (4th Cir. 2009). More than a decade ago, this rate had been found to range from $350 to $500 per hour in this jurisdiction for attorneys with some level of experience. *See United States v. $116,850 in United States Currency*, 166 F. Supp. 3d 626 (D.S.C. 2015) (finding appropriate attorney rate for litigation to be $375 per hour); *see also Coleman v. Schneider Elec. USA, Inc.*, C.A. No. 8:15-2466-HMH-KFM, 2015 WL 5882759, at *1

5

(D.S.C. Oct. 6, 2015) (finding rate of $350 per hour to be reasonable); *Calland v. Carr*, No. 9:14-cv-0420-DCN, 2015 WL 2106206, at *6 (D.S.C. May 6, 2015) (finding rate of $500 per hour to be reasonable).  Presumably, this number has only increased over time.

Although Plaintiff is currently proceeding without representation, considering he previously retained an attorney in *Peterkin I*, it seems reasonably probable that Plaintiff could retain an attorney in the instant matter.  Assuming, therefore, that any attorney potentially retained by Plaintiff charged a fee of $350 per hour on this matter and logged a conservative 100 hours on the matter, an additional $35,000 could be added to the actual and treble damages calculations, each of which far surpass the jurisdictional minimum requirement of $75,000.

Plaintiff has already affirmatively pled that his damages are in excess of $75,000 in *Peterkin II*.  Furthermore, based on the damages calculations provided in *Peterkin I*, it is reasonably probable that Plaintiff could recover damages well above the jurisdictional amount based on actual damages, treble damages, and any potential attorneys' fees.  Therefore, the amount in controversy in this case exceeds the jurisdictional threshold in 28 U.S.C. § 1332(a)(1) and this Court has subject-matter jurisdiction.  Accordingly, this case is removable under 28 U.S.C. § 1441(a).

### III.     PROPRIETY OF REMOVAL

The Notice of removal is timely filed within thirty days after service of the Summons and Complaint on Defendant and within one year after the commencement of the action as permitted by 28 U.S.C. 1446(b).  A copy of all process and pleadings filed by Plaintiff are attached as Exhibit A.  Contemporaneously with the filing of this Notice of Removal, written notice has been served upon Plaintiff and a true and correct copy of this Notice of Removal has been or will be filed with the Clerk of Court for Charleston County, South Carolina, as required by 28 U.S.C. § 1446(d).

Venue for removal is proper in this Court pursuant to 28 U.S.C. § 1446(a) because this action is currently pending in the Court of Common Pleas for Charleston, South Carolina, which is located within the jurisdiction of the United States District Court for the District of South Carolina, Charleston Division.

Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's right to assert any defense or affirmative matter, including without limitation a motion to dismiss pursuant to the Federal Rules of Civil Procedure or any other challenge that might be appropriate as this case progresses.

Defendant has submitted the required filing fee to the Clerk of the Court.

WHEREFORE, Defendant respectfully requests that the action now pending in the State of South Carolina, Charleston County, Court of Common Pleas, as Case No. 2026-CP-10-02514, proceed before this Court as an action properly removed.

Respectfully submitted,

Dated: June 17, 2026    GORDON REES SCULLY MANSUKHANI, LLP

By    *s/ Arden Y. Lowndes*

Arden Y. Lowndes (Fed. No. 12877)
E-mail: alowndes@grsm.com
Benjamin M. Virgin (Fed. No. 13706)
E-mail: bvirgin@grsm.com
677 King Street, Suite 450
Charleston, SC 29403
Telephone: (843) 278-5900
***Attorneys for Defendant***

7